UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS M. SMITH,

       Plaintiff,

  v.                                                 18-CV-1069-LJV-LGF
                                                      DECISION & ORDER

TOWN OF LEWISTON, et al.,

       Defendants.

On September 28, 2018, the plaintiff, Thomas M. Smith, filed a complaint under 42 U.S.C. § 1983.  Docket Item 1.  On December 21, 2018, the defendants moved to dismiss, Docket Item 8; on February 1, 2019, the plaintiff responded, Docket Item 10; and on February 15, 2019, the defendants replied, Docket Item 11.

On February 25, 2019, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 12.  On July 30, 2020, Judge Foschio issued a Report and Recommendation ("R&R") finding that the defendants' motion should be granted. Docket Item 14.  More specifically, Judge Foschio recommended that Smith's claims under the Third, Fifth, Eighth, and Ninth Amendments of the United States Constitution, as well as his claims under the Fourteenth Amendment for intentional infliction of emotional distress, slander, and libel, should be dismissed with prejudice and without leave to replead, whereas Smith's remaining claims should be dismissed without prejudice and with leave to replead.  *Id.*  On August 11, 2020, Smith requested "a 90 day extension to re-plead parts of the complaint."  Docket Item 15.  But the parties did

not object to the R&R, and the time to do so has now expired.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review de novo those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to dismiss with prejudice Smith's claims asserting violations of the Third, Fifth, Eighth, and Ninth Amendments, as well as Smith's Fourteenth Amendment claims for intentional infliction of emotional distress, slander, and libel,[1] and to dismiss without prejudice Smith's remaining claims.

---

[1] Judge Foschio correctly found that libel and slander alone do not give rise to a § 1983 claim.  Therefore, Smith's libel and slander claims are dismissed with prejudice.  But that does not preclude Smith from bringing a so-called "stigma plus" claim in any amended complaint.  Such a claim includes "(1) 'the utterance of a statement sufficiently derogatory to injure [the plaintiff's] reputation, that is capable of being proved false, and that he or she claims is false,' plus (2) 'a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights.'" Balentine v. Tremblay, 554 F. App'x 58, 60-61 (2d Cir. 2014) (summary order) (quoting Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004)).

In addition, the Court grants Smith's motion for an extension of time to file an amended complaint. Smith may file an amended complaint *on the claims that remain* within 90 days of the date of this decision and order.[2]

For the reasons stated above and in the R&R, the defendants' motion to dismiss, Docket Item 8, is GRANTED. Smith's claims asserting violations of the Third, Fifth, Eighth, and Ninth Amendments, as well as his Fourteenth Amendment claims for intentional infliction of emotional distress, slander, and libel are DISMISSED WITH PREJUDICE; the remaining claims are DISMISSED WITHOUT PREJUDICE. Smith's motion for an extension of time, Docket Item 15, is GRANTED. **Smith may file an amended complaint with regard to his remaining claims within 90 days of the date of this decision and order**. The case is referred back to Judge Foschio for further proceedings consistent with the referral order of February 25, 2019, Docket Item 12.

SO ORDERED.

Dated:     September 2, 2020
           Buffalo, New York


                                              /s/ Lawrence J. Vilardo
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE

---

[2] Smith is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.